PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH RAMILLA, | ) | |
| | ) | CASE NO. 4:21CV1799 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| OLIVIA JENNINGS, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 5] |

*Pro Se* Plaintiff Joseph Ramilla filed this fee-paid action under 42 U.S.C. § 1983 against Trumbull Correctional Institution ("TCI") Mailroom Clerk Olivia Jennings, TCI Mailroom Supervisor Michael Arthur, TCI Inspector Donna Crawford, Ohio Department of Rehabilitation and Correction ("ODRC") Chief Inspector Marc Bratton, TCI Warden Charmaine Bracy, and TCI Investigator David Ritz. On January 24, 2022, the Clerk of Court received for filing an Amended Complaint (ECF No. 9) against these Defendants. The Complaint and Amended Complaint are substantially similar. In them Plaintiff alleges that his legal mail was confiscated after the mail clerk suspected the letter had something suspicious on it. His attempts to have the letter returned to him were unsuccessful. Plaintiff claims Defendants denied him due process and access to the courts. He also asserts they retaliated against him for filing a grievance by placing him in segregation and were deliberately indifferent to his serious medical needs. Plaintiff seeks monetary damages and the termination of Institution Investigator Ritz's employment.

(4:21CV1799)

## I. Background

Plaintiff alleges that on July 8, 2021, Mailroom Clerk Jennings called him to the mailroom to sign for legal mail he had received. Plaintiff contends that after he signed for the mail, Jennings confiscated it saying it "felt weird." ECF No. 9 at PageID #: 104. Jennings later indicated she put the envelope under the hood and it appeared to have a substance on it. Plaintiff contends he did not receive a written Notice of Withhold from Jennings. He states that he filed grievances with the Mailroom Supervisor, the Institution Inspector, and the ODRC Chief Inspector, but did not receive the return of his legal mail. *See* ECF No. 9 at PageID #: 104. Plaintiff claims he also notified the Warden, whom failed to intervene. *See* ECF No. 9 at PageID #: 105.

Plaintiff then contacted Institution Investigator Ritz. Ritz informed him that an investigation was pending. Plaintiff made additional inquiries on the status of the investigation and filed grievances. Plaintiff alleges that Ritz had him moved to segregation pending resolution of the investigation. *See* ECF No. 9 at PageID #: 105. He contends the move was in retaliation for his filing of the grievances. *See* ECF No. 9 at PageID #: 107. Plaintiff alleges Ritz told the medical department to withhold his insulin while he was in segregation causing his blood sugar to climb to over 600. He states Ritz released him only after he demonstrated to Ritz that he had legal matters that required immediate action. Plaintiff claims Ritz reiterated that he was still under investigation despite his release. *See* ECF No. 9 at PageID #: 105.

Plaintiff alleges there has been no resolution to this situation. His mail was classified as contraband and confiscated. *See* ECF No. 1-3. Plaintiff does not allege what was in the letter he

2

(4:21CV1799)

received or who sent it to him. The mail log (ECF No. 9-3), which is attached as an exhibit to the Amended Complaint (ECF No. 9), indicates it was from the United States District Court for the Southern District of Ohio. A search of CM/ECF for the Southern District of Ohio, however, reveals there are no docket entries for any case in which Plaintiff is or was a party. *See* https://ohsd-ecf.sso.dcn/cgi-bin/login.pl (last visited April 21, 2022). Plaintiff asserts that Defendants denied him due process by failing to give him written notice that the mail was going to be withheld and denied him access to the courts. He also alleges that Ritz was deliberately indifferent to his serious medical needs and retaliated against him for filing grievances.

## II. Standard for Dismissal

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is

3

(4:21CV1799)

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Pleadings that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* When reviewing a complaint, the Court must construe pleadings in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)).

### III. Law and Analysis

#### A.

Before addressing Plaintiff's legal claims, the Court must determine against which of the defendants those claims can be asserted. He names TCI Warden Bracy, Mailroom Supervisor Arthur and Institution Inspector Crawford, as well as ODRC Chief Inspector Bratton. Plaintiff, however, does not include any allegations against these Defendants personally. He states only that they reviewed his grievances and complaints. Merely responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Bishop v. Chambers*, No. 1:21CV1541, 2022 WL 861476, at *4 (N.D. Ohio March 23, 2022) (citing *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999)). Plaintiff does not include any allegations suggesting that these Defendants directly participated in the activities giving rise to

4

(4:21CV1799)

the grievances. Therefore, he fails to state a claim upon which relief may be granted against them.

**B.**

Plaintiff asserts a claim for denial of due process against Mailroom Clerk Jennings and Institution Investigator Ritz. This claim appears to be based on their alleged failure to follow the procedure for confiscating mail containing contraband. Plaintiff alleges that Jennings did not issue a written Notice of Withhold. *See* ECF No. 9 at PageID #: 104.

Section 1983 was not meant to supply an exclusive federal remedy for every alleged wrong committed by state officials. Rather, the statute is a remedy for only those wrongs which offend the Constitution. In a § 1983 suit claiming the deprivation of a property interest without procedural due process, the plaintiff must plead and prove that he was deprived of a protected property interest and that state remedies for redressing the wrong are inadequate. The plaintiff must attack the state's corrective procedures as well as the substantive wrong. If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury. *Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983) (in procedural due process cases claiming deprivation of a property interest, plaintiff must attack the state's corrective procedure as well as the substantive wrong).

Here, Plaintiff's due process claim is not well-pled. He states only that the Mailroom Clerk did not provide him with a written Notice of Withhold. Plaintiff does not give any indication of what was contained in the mailing to him from the district court and, therefore, does not offer sufficient facts to determine whether he had a protected property interest in the contents

5

(4:21CV1799)

of that mailing. Moreover, establishing a constitutional injury is only the first part of the inquiry. To state a claim for denial of procedural due process, Plaintiff must also plead and prove the state does not provide an adequate remedy for redressing that deprivation. A remedy, however, is available in the Ohio Court of Claims. *See* Haynes v. Marshall, 887 F.2d 700, 704 (6th Cir. 1989). He has not alleged facts demonstrating that this remedy is inadequate. Thus, Plaintiff has not stated a claim for denial of due process.

**C.**

Plaintiff also asserts a claim for denial of access to the courts. To state a claim for denial of access to the courts, the plaintiff must allege particular actions of the defendant prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition or civil rights action. Lewis v. Casey, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, "without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by Defendants. Lewis, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint. . . ." Christopher, 536 U.S. at 415.

(4:21CV1799)

Here, Plaintiff alleges only in general terms that Mailroom Clerk Jennings confiscated legal mail. He gives no indication of what was contained in the envelope or package.[1] Plaintiff does not allege facts that suggest how Defendants prevented him from filing or caused the dismissal of a specific non-frivolous direct appeal, habeas corpus petition or civil rights action. Therefore, Plaintiff fails to state a claim for denial of access to the courts.

### D.

In addition, Plaintiff asserts a claim against Institution Investigator Ritz for retaliation and deliberate indifference to serious medical needs.

### 1.

Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). To state a *prima facie* case for retaliation prohibited by the First Amendment, a plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and, 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In the case at bar, Plaintiff alleges Ritz placed him in segregation and denied him insulin in retaliation for filing grievances pertaining to his confiscated mail. Filing grievances is protected conduct. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010). Both placement in segregation and denial of medication are

---

[1] Additionally, as indicated above, independent review showed no matters related to Plaintiff on the docket of the Court Plaintiff claims was the source of the confiscated mail.

7

(4:21CV1799)

adverse actions that could arguably deter a person of ordinary firmness from filing grievances. Plaintiff contends that the timing of the filing of the grievances and his placement in segregation gives rise to the inference that Ritz was at least partially motivated by Plaintiff's grievances to take these actions. Thus, he has alleged sufficient facts at the pleading stage to state a plausible claim for retaliation against Ritz.

**2.**

Plaintiff also states a plausible claim against Institution Investigator Ritz for relief under the Eighth Amendment for deliberate indifference to serious medical needs. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will

8

(4:21CV1799)

implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff alleges that Ritz instructed the medical department to withhold his insulin while he was in segregation. *See* ECF No. 9 at PageID #: 105. Diabetes is a serious medical condition and Plaintiff alleges facts which, if true, suggest Ritz was aware of his condition and made decisions that he knew or should have known would have a negative impact on Plaintiff's health. Based solely on the allegations in the Amended Complaint (ECF No. 9), and construing them in favor of Plaintiff, he has sufficiently stated a plausible claim for relief under the Eighth Amendment against Ritz.

**E.**

Plaintiff's Motion for [Extension] of Time (ECF No. 5) is pending. He requests that the U.S. Marshals Service be ordered to effect service of process upon Defendants. *See* Affidavit of Joseph Ramilla (ECF No. 5-1). Plaintiff has paid the $402 filing fee and, therefore, is not proceeding *in forma pauperis*. Even so, he has asked that his claims proceed, so the United States Marshals Service will be instructed to take the steps necessary to properly serve TCI Investigator David Ritz with process in this action. *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy

(4:21CV1799)

marshal or by a person specially appointed by the court."). *Koch v. United States*, No. 6: 15-59-GFVT, 2015 WL 5304314, at *5 (E.D. Ky. Sept. 8, 2015); *see also* Federal Judicial Center, Resource Guide for Managing Prisoner Civil Rights Litigation § III.B.5 at 25 (1996) ("Even if the prisoner pays the full filing fee, it appears that under new section 1915(d) the court can still grant the prisoner leave to proceed IFP, thereby permitting service of process by the U.S. marshal without the prisoner having to pay and arrange for service.").

### IV. Conclusion

Accordingly, Plaintiffs claims against TCI Mailroom Clerk Olivia Jennings, TCI Mailroom Supervisor Michael Arthur, TCI Inspector Donna Crawford, ODRC Chief Inspector Marc Bratton, and TCI Warden Charmaine Bracy are dismissed pursuant to 28 U.S.C. §1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

This action shall proceed solely against TCI Investigator David Ritz on Plaintiff's First Amendment retaliation claim and his Eighth Amendment claim for deliberate indifference to serious medical needs. Plaintiff's Motion for [Extension] of Time (ECF No. 5) is granted. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this Order in the documents to be served upon Ritz.

IT IS SO ORDERED.

| April 22, 2022 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
|  | United States District Judge |