PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH RAMILLA, | ) | |
| | ) | CASE NO. 4:21CV1799 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| OLIVIA JENNINGS, *et al.*, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | [Resolving ECF Nos. 20 and 25] |

Pending in this prisoner civil rights action under 42 U.S.C. § 1983 is *Pro Se* Plaintiff Joseph Ramilla's Motion for Preliminary Injunction (ECF No. 20). Also pending is Plaintiff's Motion to Strike Defendant David Ritz's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 25). The Court has been advised, having reviewed the record, the parties' briefs,[1] and the applicable law. The Court has also considered the statements of

---

[1] Plaintiff did not file a permissive reply memorandum in support of his Motion to Strike (ECF No. 25). *See* Case Management Plan (ECF No. 27) at PageID #: 263, ¶ 15.

Furthermore, "[n]o sur-replies will be permitted absent advance leave of Court." ECF No. 27 at PageID #: 265, ¶ 19. Ritz did not seek leave of Court to file his Sur-Reply to Plaintiff's Motion for Preliminary Injunction (ECF No. 31). The primary purpose for allowing the moving party to serve and file a reply memorandum in support of a motion is so it can respond to any new issues raised by the memorandum in opposition. Consideration of ECF No. 31 would frustrate the purpose of allowing Plaintiff to be the first and last to be heard on his pending Motion for Preliminary Injunction (ECF No. 20). *See Bickerstaff v. Cuyahoga Cty.*, No. 1:18CV1142, 2019 WL 7500494, at *6 (N.D. Ohio, Aug. 12, 2019) (citing *Key v. Shelby Cty.*, 551 Fed.Appx. 262, 265 (6th Cir. 2014) ("the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies")), *report & recommendation adopted*, 2019 WL 5303967 (N.D. Ohio Oct. 21, 2019); *In re Steinle*, 835 F. Supp.2d 437, 443-44 (N.D. Ohio 2011) (same). Therefore, the Court has not considered ECF No. 31.

Plaintiff and counsel offered at the August 22, 2022 Telephonic Case Management Conference ("CMC"). For the reasons set forth below, ECF Nos. 20 and 25 are denied.

## I. Background

Plaintiff is an inmate at the Trumbull Correctional Institution ("TCI") serving a life sentence.[2] Ritz is a TCI Investigator. On July 5, 2022, the Court issued an Order denying Plaintiff's Motion for Default Judgment (ECF No. 13) and granting Ritz's Motion for Leave to File Answer *Instanter* (ECF No. 15). *See* ECF No. 16. The Court also issued a Telephonic CMC Scheduling Order with attachments setting the case for a conference on August 22, 2022. *See* ECF No. 17.

## II. Plaintiff's Motion for Preliminary Injunction (ECF No. 20)

Plaintiff moves the Court to (1) place an immediate order to the mail room staff at TCI to stop opening and copying legal mail sent by the Court and (2) resend the packet of mail that was sent out by the Court on July 5, 2022. According to Plaintiff, he did not receive complete copies of the Court's Orders (ECF Nos. 16 and 17) due to the mail room staff at TCI tampering with the legal mail. *See* Declaration of Joseph Ramilla (ECF No. 20-1). On July 25, 2022, the Clerk of Court was ordered, *see* ECF No. 21, to and did mail another copy of ECF Nos. 16 and 17 to Plaintiff.

Plaintiff's Motion for Preliminary Injunction (ECF No. 20) is governed by both Fed. R. Civ. P. 65(a) and 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief [in a prison conditions

---

[2] *See* ODRC website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A698694) (last visited Oct. 12, 2022).

suit] must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."). "A preliminary injunction is an extraordinary measure that has been characterized as one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (citations and internal quotation marks omitted). As recently stated by the United States Court of Appeals for the Sixth Circuit:

> "A district court must balance four factors in determining whether to grant a preliminary injunction: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction.' " *Am. Civil Liberties Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) (quoting *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012)). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). However, "even the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.' " *D.T. v. Sumner Cnty. Schools*, 942 F.3d 324, 326-27 (6th Cir. 2019) (quoting *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). "[T]he party seeking a preliminary injunction bears the burden of justifying such relief." *Livingston County*, 796 F.3d at 642 (quoting *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)); *see also* *Tenke Corp.*, 511 F.3d at 546 n. 2 ("[I]n seeking a preliminary injunction, a federal plaintiff has the burden of establishing the likelihood of success on the merits.").

*Memphis A. Philip Randolph Institute v. Hargett*, 978 F.3d 378, 385 (6th Cir. 2020). No single factor is determinative except that "a finding that there is simply no likelihood of success on the merits is usually fatal." *Miles v. Michigan Dept. of Corr.*, No. 19-2218, 2020 WL 6121438, at *4 (6th Cir. Aug. 20, 2020) (citing *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000)).

(4:21CV1799)

"[T]he party seeking a preliminary injunction bears the burden of justifying such relief." *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 554 (6th Cir. 2021) (quoting *ACLU Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015)); *see also* *Williamson v. White*, No. 93-6017, 1994 WL 49594, at *1 (6th Cir. Feb. 17, 1994) (movant "bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction") (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 441 (1974)). "The burden of proving that the circumstances clearly demand such an extraordinary remedy is a heavy one since the party seeking the injunction must establish its case by clear and convincing evidence." *Hartman v. Acton*, --- F.Supp.3d ----, No. 2:20-CV-1952, 2020 WL 1932896, at *2 (S.D. Ohio April 21, 2020) (internal quotation marks omitted) (citing *Overstreet*, 305 F.3d at 573; *Honeywell, Inc. v. Brewer-Garrett Co.*, No. 97-3673, 1998 WL 152951 (6th Cir. March 23, 1998)). A preliminary injunction cannot be issued unless these very stringent requirements are met. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The Court concludes Plaintiff has not met the necessary requirements for injunctive relief in the case at bar.

Plaintiff alleges that he did not get all of the pages of the Court's Orders (ECF Nos. 16 and 17) in the mail he received from the Court. According to Ritz, Plaintiff properly used the prison grievance system to resolve the matter.[3] TCI mailroom staff apparently did not realize the Court documents were two-sided and only copied one side of the Court's Orders. Mail room

---

[3] Plaintiff agrees. *See* ECF No. 25 at PageID #: 251; ECF No. 29-1 at PageID #: 287.

staff at TCI were reprimanded to be more prudent in copying mail in the future. *See* ECF No. 23 at PageID #: 241.

In *Whitman v. Gray*, No. 5:19CV1818, 2022 WL 621553 (N.D. Ohio March 3, 2022), the petitioner moved the Court to enter an order of protection requiring the Ohio Department of Rehabilitation & Correction ("ODRC") staff to open his legal mail in front of him and ordering ODRC staff to stop its policy of copying his legal mail. The petitioner sought to prevent ODRC staff from opening his legal mail because he maintained the policy violated his First Amendment right.

U.S. District Judge James S. Gwin determined the ODRC's new legal mail policy[4] satisfies constitutional requirements and denied the petitioner's motion. "A prisoner's right to receive mail is protected by the First Amendment. That protection is heightened when the incoming mail is legal mail. Prison officials may open and inspect a prisoner's legal mail only in the presence of the prisoner in accordance with appropriately drafted and uniformly applied regulations. Prison officials may, however, impose [mail-related] restrictions that are reasonably related to security or other legitimate penological objectives. Further, if screening detect[s] the

---

[4] The new ODRC legal mail policy allows it to avoid illegal contraband within its institutions. *See* https://drc.ohio.gov/policies/mail (last visited Oct. 12, 2022). The policy provides: All attorneys and legal services providers must register with the ODRC. Once registered, they can access "control numbers" to put on their legal correspondence. If incoming legal mail has a control number, it will be opened and inspected only in the presence of the prisoner-addressee. If the mail does not have a control number even if the mail is marked as legal mail – it will be treated as ordinary mail and will be opened, copied, and delivered to prisoners. *See* *Whitman*, 2022 WL 621553, at *2 n. 12. Therefore, legal mail that includes a control number is only opened in the presence of the prisoner-addressee. If there are obvious indications that a piece of mail contains contraband, ODRC staff will withhold the item and contact the sender. The sender can then request that the mail be returned. *See* *id.* at *2.

presence of any prohibited devices, or instruments, any such packages may be opened for inspection outside the presence of the prisoner-addressee." *Id.* at *2 (brackets in original; quotation marks and citations omitted). The Court agrees with Judge Gwin's determination.

Furthermore, the injunctive relief sought by Plaintiff has nothing to do with the claims remaining in the case at bar. The Court has already dismissed Plaintiff's due process and access to the court claims. *See* Memorandum of Opinion and Order (ECF No. 10) at PageID #: 142-44. Plaintiff's Motion for Preliminary Injunction (ECF No. 20) is both factually and legally unrelated to his First Amendment retaliation claim and Eighth Amendment claim for deliberate indifference to serious medical needs set forth in the Amended Complaint (ECF No. 9). Plaintiff's new claims do not arise out of the same transaction or occurrence as the claims that remain in the instant matter. *See* *Norris v. Reinbold*, No. 5:13CV0721, 2013 WL 6277021, at *10 (N.D. Ohio Dec. 4, 2013) (Pearson, J.) (denying plaintiff's motion for a preliminary injunction when the allegations in the motion were unrelated to the factual allegations and legal claims set forth in the complaint).[5]

---

[5] In Plaintiff's Reply Memorandum in Support of his Motion for Preliminary Injunction (ECF No. 29) he seeks additional relief that is also unrelated to the allegations in the Amended Complaint (ECF No. 9): "T.C.I should shoulder the burden and take responsibility to notify the prosecuting attorneys and clerk of the courts, who are agents and employees of the State of Ohio, and their federal counterparts, of the requirement and necessity of a control number. To do less is negligence on the part of T.C.I and imparts to inmate's undue burdens and prejudice which may induce injury on inmates seeking to litigate issue in Ohio courts. For the above stated reasons, Plaintiff respectfully moves this court to grant the motion for 'Preliminary Injunction[.]' " ECF No. 29-1 at PageID #: 288. *See* *Williams v. Rosenblatt Sec. Inc.*, 136 F. Supp.3d 593, 616 n.11 (S.D.N.Y. 2015) (noting that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed" in the motion and the conduct alleged in the complaint); *see also* *Brightly v. Corizon Health Inc.*, No. CV-21-00127-TUC-JCH, 2022

(continued...)

(4:21CV1799)

In light of the foregoing and in consideration of the relevant factors, the Court concludes that the prong of Plaintiff's Motion for Preliminary Injunction (ECF No. 20) that requests an immediate order to the mail room staff at TCI to stop opening and copying legal mail sent by the Court lacks merit and is not well-taken. Plaintiff has not shown by clear and convincing evidence his entitlement to this injunctive relief. He has not shown a strong likelihood of success on the merits. Moreover, Plaintiff has not shown any of the other factors the Court must consider in determining whether to grant a preliminary injunction.

**III. Plaintiff's Motion to Strike (ECF No. 25)**

Plaintiff argues Ritz's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 23) and the exhibits attached thereto (ECF Nos. 23-1, 23-2, 23-3, and 23-4)[6] should be stricken from the record because (1) "Defendant's argument . . . is frivolous and has nothing to do with Plaintiff's request for a preliminary injunction" and (2) the exhibits have not been authenticated. ECF No. 25 at PageID #: 251; *see also* ECF No. 29-1 at PageID #: 286-87. ECF No. 23 is not, however, subject to a motion to strike under Fed. R. Civ. P. 12(f). The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings. *Lucas v. JBS Plainwell, Inc.*, No. 1:11-cv-302, 2011 WL

---

[5](...continued)
WL 2646008, at *2 (D. Ariz. July 8, 2022) (same); *McKinney v. Lanigan*, No. 18-309 (FLW) (LHG), 2019 WL 355288, at *7 (D.N.J. Jan. 29, 2019) ("the bulk of McKinney's motion seeks relief from alleged retaliation for his grievance filings—relief that is unrelated to the Complaint's allegations that McKinney did not receive proper warning of the risks of a hernia mesh").

[6] The parties also reference an Exhibit E. *See* ECF No. 23 at PageID #: 241; ECF No. 25 at PageID #: 251. It is not attached to ECF No. 23 filed with the Court.

5408843, at *1 (W.D. Mich. Nov. 8, 2011). A motion to strike asks the court to remove "from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule12(f) (emphasis added). Plaintiff's Motion to Strike (ECF No. 25) is not strictly proper in this instance, for ECF No. 23 is not a "pleading," but rather a memorandum of law. The federal rules designate as "pleadings" those filings as set forth in Fed. R. Civ. P. 7(a). *Monroe v. Board of Educ.*, 65 F.R.D. 641, 645 (D. Conn. 1975).

Therefore, Plaintiff's Motion to Strike (ECF No. 25) is lacking in merit. The Court has, however, reviewed ECF No. 25 as a reply memorandum in support of Plaintiff's Motion for Preliminary Injunction (ECF No. 20). *See* Local Rule 7.1(e).

## IV. Conclusion

Plaintiff 's Motions for Preliminary Injunction (ECF No. 20) and to Strike Defendant David Ritz's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 25) are denied.

IT IS SO ORDERED.

October 27, 2022
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge