PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH RAMILLA, | ) | |
| | ) | CASE NO. 4:21CV1799 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| OLIVIA JENNINGS, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 28 and 30] |

Pending is *Pro Se* Plaintiff Joseph Ramilla's Motion to Compel Answers to Interrogatories (ECF No. 28). Also pending is Defendant David Ritz's Motion to Strike (ECF No. 30). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth below, ECF Nos. 28 and 30 are denied.

### I. ECF No. 28

Plaintiff asks the Court to compel four (4) non-parties to answer his interrogatories to be served upon them by the Clerk of Court.[1] The Federal Rules of Civil Procedure, however, do not contemplate serving interrogatories on non-parties like Sgt. Held, Christopher Emerick, Dr. Kline, and Correction Officer Brian Murry. *See* Fed. R. Civ. P. 33(a)(1); *Davis v. Cox*, No. 2:18-cv-11255, 2019 WL 1783066, at *8 (E.D. Mich. March 29, 2019) ("By its terms, Rule 33 applies only to interrogatories served on a *party*." (emphasis in original)) (citing *United States v. One Parcel of Real Prop.*, 128 F.3d 1386, 1397 (10th Cir. 1997) ("The interrogatories

---

[1] Plaintiff did not file a permissive reply. *See* Local Rule 7.1(e).

(4:21CV1799)

propounded by [claimant] were apparently directed to persons not parties to this litigation in violation of Fed. R. Civ. P. 33"); *Ward v. Empire Vision Ctrs., Inc.*, 262 F.R.D. 256, 261 (W.D. N.Y. 2009) (denying *pro se* plaintiff's motion to compel non-parties to answer party interrogatories); *Ostrowski v. Lake Cty. Bd. of Comm'rs*, 2:16-CV-166-JEM, 2016 WL 8668496, at *2 (N.D. Ind. Oct. 21, 2016) (citing *DeCola v. Kosciusko Cty. Sheriff's Dept.*, No. 3:06-CV-176 RM, 2007 WL 1650921, at *2 (N.D. Ind. June 5, 2007) ("the Federal Rules of Civil Procedure do not provide for serving interrogatories on non-parties"); *Ellison v. Runyan*, 147 F.R.D. 186, 188 (S.D. Ind. 1993) ("Interrogatories under Fed. R. Civ. P. 33 may be used to obtain information only from other parties, not non-parties.")).

## II. ECF No. 30

Defendant argues Plaintiff's Motion to Compel (ECF No. 28) should be stricken from the record because Plaintiff is asking the Court to compel non-parties to answer interrogatories. ECF No. 30 at PageID #: 303. ECF No. 28 is not, however, subject to a motion to strike under Fed. R. Civ. P. 12(f). The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings. *Lucas v. JBS Plainwell, Inc.*, No. 1:11-cv-302, 2011 WL 5408843, at *1 (W.D. Mich. Nov. 8, 2011). A motion to strike asks the court to remove "from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule12(f) (emphasis added). Defendant's Motion to Strike (ECF No. 30) is not strictly proper in this instance, for ECF No. 28 is not a "pleading," but rather a "motion" pursuant to Fed. R. Civ. P. 7(b). The federal rules designate as "pleadings" those filings as set forth in Rule 7(a). *Monroe v. Board of Educ.*, 65 F.R.D. 641, 645 (D. Conn. 1975).

(4:21CV1799)

Therefore, Defendant's Motion to Strike (ECF No. 30) is lacking in merit. The Court has, however, reviewed ECF No. 30 as a memorandum in opposition to Plaintiff's Motion to Compel Answers to Interrogatories (ECF No. 28). *See* Local Rule 7.1(d).

### III.

Plaintiff's Motion to Compel Answers to Interrogatories (ECF No. 28) is denied.

Defendant David Ritz's Motion to Strike (ECF No. 30) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| October 27, 2022 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |