PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH RAMILLA, ) | |
| ) | CASE NO. 4:21CV1799 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| OLIVIA JENNINGS, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 46] |

Pending is Defendant David Ritz's Partial[1] Motion for Summary Judgment (ECF No. 46).

The Court has been advised, having reviewed the record, the parties' briefs, and the applicable

law. For the reasons that follow, the Court grants summary judgment to Defendant.

**I. Background**

**A.**

As a preliminary matter, the Court notes that the Case Management Plan, entered on

August 23, 2022, provides, in pertinent part:

> Lead counsel of record shall confer with one another in person in order to prepare
> written stipulations as to all uncontested facts to be presented by the dispositive
> motion. The stipulations shall be filed with the Court on or before January 6,
> 2023. If there are no stipulations, a joint notice stating same shall be filed by the
> same date. These are mandatory requirements.

---

[1] In response to an Order (ECF No. 55), Defendant Ritz filed a Notice (ECF No. 56) stating that he seeks summary judgment on both of *Pro Se* Plaintiff Joseph Ramilla's claims. Therefore, ECF No. 46 was miscaptioned as a motion for *partial* summary judgment.

(4:21CV1799)

ECF No. 27 at PageID #: 263, ¶ 16. No stipulations or joint notice were filed.

**B.**

On January 18, 2022,[2] Plaintiff filed an Amended Complaint (ECF No. 9) in this fee-paid action under 42 U.S.C. § 1983 against Trumbull Correctional Institution ("TCI") Mailroom Clerk Olivia Jennings, TCI Mailroom Supervisor Michael Arthur, TCI Inspector Donna Crawford, Ohio Department of Rehabilitation and Correction ("ODRC") Chief Inspector Marc Bratton, TCI Warden Charmaine Bracy, and TCI Investigator David Ritz. Plaintiff alleges that his legal mail was confiscated after the mail clerk suspected the letter had something suspicious on it. His attempts to have the letter returned to him were unsuccessful. The Amended Complaint (ECF No. 9) sets forth a First Amendment retaliation claim and an Eighth Amendment claim for deliberate indifference to serious medical needs against Ritz. Plaintiff seeks monetary damages and the termination of Ritz's employment.

Plaintiff alleges that on July 8, 2021, Mailroom Clerk Jennings called him to the mailroom to sign for legal mail he had received. Plaintiff contends that after he signed for the mail, Jennings confiscated it saying it "felt weird." ECF No. 9 at PageID #: 104. Jennings later indicated she put the envelope under the hood and it appeared to have a substance on it. Plaintiff contends he did not receive a written Notice of Withhold from Jennings. He states that he filed grievances with the Mailroom Supervisor, the Institution Inspector, and the ODRC Chief

---

[2] Under Sixth Circuit precedent, the pleading is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Plaintiff dated his Amended Complaint on January 18, 2022. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

2

(4:21CV1799)

Inspector, but did not receive the return of his legal mail. *See* ECF No. 9 at PageID #: 104. Plaintiff claims he also notified the Warden, whom failed to intervene. *See* ECF No. 9 at PageID #: 105.

Plaintiff then contacted TCI Investigator Ritz. Ritz informed him that an investigation was pending. *See* Affidavit of David Ritz (ECF No. 46-1) at PageID #: 371. Plaintiff made additional inquiries on the status of the investigation and filed grievances. Plaintiff alleges that Ritz had him moved to segregation pending resolution of the investigation. *See* ECF No. 9 at PageID #: 105. He contends the move was in retaliation for his filing of the grievances. *See* ECF No. 9 at PageID #: 107. Plaintiff alleges Ritz told the medical department to withhold his insulin while he was in segregation causing his blood sugar to climb to "over 600." ECF No. 9 at PageID #: 105; *see* Diabetic Record (ECF No. 53-2). He states Ritz released him only after he demonstrated to Ritz that he had legal matters that required immediate action. Plaintiff claims Ritz reiterated that he was still under investigation despite his release from segregation. *See* ECF No. 9 at PageID #: 105.

Plaintiff alleges there has been no resolution to this situation. His mail was classified as contraband and confiscated. *See* ECF No. 1-3. Plaintiff does not allege what was in the letter he received or who sent it to him. The mail log (ECF No. 9-3), which is attached as an exhibit to the Amended Complaint (ECF No. 9), indicates the letter was from the United States District Court for the Southern District of Ohio. A search of CM/ECF for the Southern District of Ohio, however, reveals there are no docket entries for any case in which Plaintiff is or was a party. *See*

3

(4:21CV1799)

https://ohsd-ecf.sso.dcn/cgi-bin/login.pl (last visited September 25, 2023).³ Plaintiff asserts that Defendants denied him due process by failing to give him written notice that the mail was going to be withheld and denied him access to the courts. He also alleges that Ritz was deliberately indifferent to his serious medical needs and retaliated against him for filing grievances.

On April 22, 2022, Plaintiffs claims against TCI Mailroom Clerk Jennings, TCI Mailroom Supervisor Arthur, TCI Inspector Crawford, ODRC Chief Inspector Bratton, and TCI Warden Bracy were dismissed pursuant to 28 U.S.C. §1915A. The Court determined this action would proceed solely against TCI Investigator Ritz on Plaintiff's First Amendment retaliation claim and his Eighth Amendment claim for deliberate indifference to serious medical needs. *See* Memorandum of Opinion and Order (ECF No. 10).

## II. Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). Fed. R. Civ. P. 56(c)(1)(A) requires a party requesting summary judgment in its favor or an opposing party "to go beyond the pleadings" and argument, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of

---

³ The Court may take judicial notice of public dockets and opinions issued by other courts. *Bush v. Struthers Ohio Police Dept.*, No. 4: 19CV0768, 2019 WL 6914673, at *1 n. 2 (N.D. Ohio Dec. 18, 2019) (Pearson, J.).

4

(4:21CV1799)

the motion only), admissions, interrogatory answers, or other materials." The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of genuine dispute. An opposing party may not simply rely on its pleadings. Rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence

5

(4:21CV1799)

is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.* (citing *Anderson*, 477 U.S. at 252).

"It is well settled that the non-moving party must cite specific portions of the record in opposition to a motion for summary judgment." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 1997); *see also Guarino*, 980 F.2d at 410 ("Neither the trial nor the appellate court . . . will *sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party."). Fed. R. Civ. P. 56(c)(1). "[T]he court is not required to search the record for some piece of evidence which might stave off summary judgment." *Id.* It is also well settled that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)).

### III. Analysis

**A. First Amendment Retaliation Claim**

Retaliation, although it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). To state a *prima facie* case for retaliation

6

(4:21CV1799)

prohibited by the First Amendment, a plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and, 3) that a causal connection exists between the first two elements. *Walker v. Mich. Dep't of Corr.*, 128 Fed.Appx. 441, 445 (6th Cir. 2005) (per curiam) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.' " *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). "Conclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial." *Murray v. Unknown Evert*, 84 Fed.Appx. 553, 556 (6th Cir. 2003) (citing *Salstrom v. Summer*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. April 10, 1992)).

In the case at bar, Plaintiff alleges Ritz placed him in segregation and denied him insulin in retaliation for filing grievances pertaining to his confiscated mail. Filing grievances is protected conduct "if the grievances are not frivolous." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *see also Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010). Both placement in segregation and denial of medication are adverse actions that could arguably deter a person of ordinary firmness from filing grievances. Plaintiff contends that the timing of the filing of the grievances and his placement in segregation gives rise to the inference that Ritz was at least partially motivated by Plaintiff's grievances to take these actions.

Ritz photographed Plaintiff's mail, *see* ECF No. 46-1 at PageID #: 373, and inquired about the parcel from the alleged sender, the United States District Court for the Southern District of Ohio, *see* ECF No. 46-1 at PageID #: 371; 374-75. After confirming that Plaintiff's

7

(4:21CV1799)

parcel likely did not originate from the Southern District of Ohio, Plaintiff was placed in temporary segregation while Ritz investigated whether Plaintiff was sent contraband through the mail. *See* ECF No. 46-1 at PageID #: 371; 374-75.

According to Plaintiff, Defendant requests summary judgment on the retaliation claim based on the Fourteenth Amendment. *See* ECF No. 53 at PageID #: 413. Plaintiff's inference is incorrect. Defendant cites *Clark*, *see* ECF No. 46 at PageID #: 364, for the proposition that Plaintiff "failed to establish that the underlying claim [for which] he was allegedly retaliated [against] had any merit—one of the elements required to prove a *First Amendment* retaliation claim—no constitutional violation occurred." *Clark v. Johnston*, 413 Fed.Appx. 804, 812 (6th Cir. 2011) (emphasis added). Here, Plaintiff must show that his underlying grievances have merit. They do not. *See Violett v. King*, No. 3:19-CV-524-CHB, 2023 WL 2317302, at *5 (W.D. Ky. March 1, 2023) (granting summary judgment on retaliation claim when plaintiff had not shown that he engaged in the protected conduct of filing a non-frivolous grievance). Defendant has shown that Plaintiff was receiving fictitious mail from someone claiming to be the United States District Court for the Southern District of Ohio, although Plaintiff never had a case there. ECF No. 46-1 at PageID #: 371; 373-74. Therefore, Plaintiff was not engaged in constitutionally protected conduct when he was filing grievances about this fictitious legal mail. More importantly, for the purposes of summary judgment, Plaintiff has failed to support his contention that he was engaged in constitutionally protected conduct. *See Solly v. Mausser*, No. 2:15-cv-956, 2018 WL 1070504, at *8 (S.D. Ohio Feb. 27, 2018) (citing *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012)). It is worth noting that the Court of Appeals for the Sixth Circuit

8

(4:21CV1799)

remanded *Clark* to the district court. That remand, however, was precipitated by a different issue. *See* 413 Fed.Appx. at 819.

Therefore, the Court will grant summary judgment to Defendant on Plaintiff's First Amendment Retaliation Claim.

## B. Eighth Amendment Claim for Deliberate Indifference to Serious Medical Needs

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on

9

(4:21CV1799)

negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).

The nurse that administered medication to the inmates in segregation on July 22, 2021 declares that Plaintiff refused his insulin. *See* Declaration of Robert Lane (ECF No. 46-2) at PageID #: 377. Plaintiff also refused to sign an ODRC Refusal of Medication form (ECF No. 46-2 at PageID #: 378). Plaintiff contends without citing any supporting evidence that Nurse Lane's declaration is inaccurate. *See* ECF No. 53 at PageID #: 411.

As Plaintiff points out, his diabetic medical condition is a sufficiently serious medical need. *See* Plaintiff's Memorandum in Opposition (ECF No. 53) at PageID #: 410. He alleges that Ritz instructed the medical department to withhold his insulin while he was in segregation during the investigation. *See* ECF No. 9 at PageID #: 105. Plaintiff, however, provides no evidence as to the subjective component of his deliberate indifference claim. He submits that the Declaration of Jerrell Womack (ECF No. 53-6) supports his contention that Defendant was subjectively deliberately indifferent. Womack states that he overheard an unnamed nurse say, "[we] can't do anything for [Plaintiff] because investigator Ritz here at T.C.I. told him he is on punishment and he needs to learn a lesson." ECF No. 53-6. This statement, however, is inadmissible hearsay.

Fed. R. Civ. P. 56(c)(4) states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." "Rule 56 requires the plaintiff to present evidence of evidentiary quality that demonstrates the

10

(4:21CV1799)

existence of a genuine issue of material fact. . . . The proffered evidence need not be in admissible *form*, but its *content* must be admissible." *Tranter v. Orick*, 460 Fed.Appx. 513, 515 (6th Cir. 2012) (quoting *Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997) (emphasis in original)). Womack cannot testify as to what the unnamed nurse purportedly said about what Defendant said. "It is well established that a court may not consider hearsay when deciding a summary judgment motion." *Id.* at 514 (citing *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007); *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999)). "[A]ffidavits composed of hearsay" must be disregarded under the rule. *Wright v. Baker*, 849 F. Supp. 569, 572 (N.D. Ohio 1994).

Next, Plaintiff argues he can support his deliberate indifference claim through Defendant's inconsistent statements regarding when Defendant knew of Plaintiff's medical condition. *See* ECF No. 53 at PageID #: 410. Defendant attests "[he] learned that, while in segregation, [Plaintiff] refused his insulin and was moved to the infirmary, then returned to his cell on July 23, 2021." ECF No. 46-1 at PageID #: 371, ¶ 12. Plaintiff points to Defendant's response to Interrogatory No. 2 as inconsistent, in which Defendant states he "became aware that [Plaintiff] was a diabetic when the [Ohio State Highway Patrol] contacted me on February 17, 2022. . . ." ECF No. 53-9 at PageID #: 436. Defendant's statements, however, are not conflicting. Plaintiff is suggesting there is an inconsistency as it relates to when Defendant knew of his medical condition, but in order to reach that conclusion the Court would have to make an inference. To support Plaintiff's deliberate indifference claim, the Court would have to make another inference upon its initial inference to conclude that Defendant knew prior to July 22, 2021 that Plaintiff was a diabetic. That inferential chain is so weak or tenuous that it fails to

11

(4:21CV1799)

satisfy Plaintiff's burden of production.  *See* 1 Jones on Evidence § 4:58; 2 Jones on Evidence § 11:8 (7th ed.).

Therefore, the Court will grant summary judgment to Defendant on Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs.

### C. Qualified Immunity

Once a defendant raises qualified immunity, the burden shifts to the plaintiff, who must demonstrate both that the official violated a constitutional or statutory right, and that the right was so clearly established at the time of the alleged violation that every reasonable official would have understood that what he was doing violated that right.  *Ashcroft v. al-Kidd*, 563 U.S 731, 741 (2011).  If the plaintiff fails to carry this burden as to either element of the analysis, qualified immunity applies and the official is immune.  *Cockrell v. City of Cincinnati*, 468 Fed.Appx. 491, 494 (6th Cir. 2012).  "Clearly established law" should not be defined "at a high level of generality" and the clearly established law must be "particularized" to the facts of the case.  *Ashcroft*, 563 U.S. at 742; *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

In *Saucier v. Katz*, the Supreme Court established a two-step inquiry for determining whether an official is entitled to qualified immunity.  533 U.S. 194, 201 (2001).  The Court must consider (1) whether, viewing the evidence in the light most favorable to the injured party, a constitutional right has been violated; and (2) whether that right was clearly established.  *Id.*  In *Pearson v. Callahan*, the Supreme Court held that while the sequence set forth in *Katz* is often appropriate, it is not mandatory, and courts have discretion to decide which of the two prongs of the qualified immunity analysis to address first.  555 U.S. 223, 236 (2009); *Williams v. City of Grosse Pointe Park*, 496 F.3d 482, 485 (6th Cir. 2007) (if a plaintiff is "unable to establish

12

(4:21CV1799)

sufficient facts to support a finding of a constitutional violation by the defendant, the inquiry ceases, and the court must award judgment to the defendant"). The Court does not address the qualified immunity argument of Defendant Ritz because it concludes for the reasons set forth above that Plaintiff has not sustained his burden to demonstrate a deprivation of constitutional rights regarding either of his claims.

### D. Eleventh Amendment Immunity

A lawsuit against an individual in his official capacity is equivalent to a suit against the governmental entity; in this case, the ODRC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Morgan v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Ohio has not waived its sovereign immunity, nor has it consented to civil rights suits in federal court. *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). The ODRC, a state agency, is immune from § 1983 liability under the Eleventh Amendment. *See Welch v. Texas Dep't of Highway and Pub. Transp.*, 483 U.S. 468, 472-73 (1987); *Graham v. NCAA*, 804 F.2d 953, 960 (6th Cir. 1986). To the extent that Plaintiff sues Defendant in his official capacity, the Eleventh Amendment bars those claims for monetary damages.

13

(4:21CV1799)

## IV. Conclusion

Viewing Plaintiff's probative evidence and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff, the Court concludes that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. For the foregoing reasons and those that have been articulated in the memoranda of the points and authorities on which TCI Investigator Ritz relies, Defendant David Ritz's Motion for Summary Judgment (ECF No. 46) is granted. Final judgment will be entered in favor of Defendant and against Plaintiff on the Amended Complaint (ECF No. 9). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
| September 25, 2023 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

14